DAVID BURCHARD
CHAPTER 13 TRUSTEE
P. O. BOX 8059
FOSTER CITY, CA 94404
Tel:   (650) 345 – 7801
Fax:  (650) 345 – 1514

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>LIAO, REYNALDO and<br><br>LIAO, ELIZABETH<br><br>                  Debtors. | Case No.: 10-30718 SFC13<br><br>**MOTION FOR ORDER DISALLOWING ON-GOING PAYMENT OF ATTORNEY FEES AND DISGORGEMENT OF ALL SUMS PAID TO DEBTORS' ATTORNEY**<br><br>**Hearing Date: May 12, 2010**<br>**Time:** 10:30AM<br>**Place:** 235 Pine Street, 23rd Fl.<br>San Francisco, California |

**TO THE HONORABLE THOMAS E. CARLSON, UNITED STATES BANKRTUPCY COURT JUDGE AND ALL PARTIES IN INTEREST:**

      DAVID BURCHARD, Chapter 13 Trustee, ("Trustee"), hereby submits a "Motion for Order to Disallowing On-Going Payment of Attorney Fees and Disgorgement of All Sums Paid to Debtors' Counsel."

      This Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 105(a), 329, Federal Rules of Bankruptcy Procedure ("Rule") 2011, 9013 and 9014. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## **DISCUSSION**

      Under 11 U.S.C. § 105(a), the court has civil contempt authority to impose sanctions to prevent abuse of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court

1

from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

In addition, the Court, after proper notice and hearing, may impose sanctions, which include disgorgement of attorney fees or of interim fees previously paid upon a finding that attorney's representation of the debtor is inadequate or that the attorney fees are not reasonable and excessive as compared to the legal services performed. 11 U.S.C. § 329; Fed. Rules of Bankr. Proc. 2011. Court also has inherent sanction authority, allowing the Court to sanction a "broad range of conduct" upon an explicit finding of willful misconduct or bad faith. In re Lehtinen, 564 F.3d 1052, 1059 (9th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) and Caldwell v. Unified Capital Corp., 77 F.3d 278, 284 (9th Cir. 1996)).

**FACTS**

The instant Chapter 13 case was filed on March 2, 2010.

1. Kenneth R. Graham is the counsel of record for Reynaldo and Elizabeth Liao, ("Debtors").

2. Debtors' attorney has failed to diligently represent this case. Debtors' attorney has demonstrated substantial deficiencies in the legal representation of the Debtors and caused undue delay in the Trustee's administration of this case.

3. This motion is made on the grounds that Debtors' attorney has:

   a. Failed to provide the itemized documents as requested by the Trustee:
      i. 2009 Federal Income Tax Returns; and
      ii. A copy of the most recent payment advice to be attached to income declarations.
   b. Failed to resolve #1 through 14 of the 15 items on the Trustee's Objection to Confirmation filed on March 23, 2010, document #12 on the Court's docket.
   c. Failed to amend the Plan to provide for Adequate Protection Orders for two vehicles. San Francisco Fire Credit Union has filed the proofs of claims on April 14, 2010.

2

4. Debtors' attorney has received $2,725.00 out of the total $5,450.00 attorney fees, paid directly by Debtors at the initial filing of the instant petition.

5. The Trustee requests an order that $2,725.00 of attorney fees be disgorged as sanction for the attorney's willful misconduct and deficient legal representation.

## CONCLUSION

Wherefore, the Trustee respectfully moves the Court for an Order disallowing all on-going payment of attorney fees, disgorgement of all sums paid to Debtors' attorney to be credited back to Debtors' case for the benefit of creditors, and such other appropriate sanctions this Court deems just and proper pursuant to its equitable and discretionary powers under 11 U.S.C. §§ 105(a), 329 and Fed. R. Bankr. Pro. 2011.

This motion is based upon all documents, records on file, together with this Notice of Hearing on Motion, and any such additional documents, records and evidence, which may be presented.

Respectfully submitted.

Dated: May 3, 2010                    /s/ David Burchard
                                       David Burchard, Ch 13 Trustee

# DECLARATION OF DAVID BURCHARD, CHAPTER 13 TRUSTEE

I, David Burchard, declare as follows:

1. I am over eighteen years old. The following facts are within my personal knowledge and if called upon to testify, I could and would competently testify thereto.

2. I am the Chapter 13 Standing Trustee for the San Francisco Division of the United States Bankruptcy Court in the Northern District of California.

3. This declaration is submitted in support of the "Motion for Order Disallowing On Going Payment of Attorney Fees and Disgorgement of All Sums Paid to Debtor's Attorney." The instant Chapter 13 case was filed on March 2, 2010.

6. Kenneth R. Graham is the counsel of record for Reynaldo and Elizabeth Liao, ("Debtors").

7. Debtors' attorney has failed to diligently represent this case. Debtors' attorney has demonstrated substantial deficiencies in the legal representation of the Debtors and caused undue delay in the Trustee's administration of this case.

8. This motion is made on the grounds that Debtors' attorney has:
    a. Failed to provide the itemized documents as requested by the Trustee:
        i. 2009 Federal Income Tax Returns; and
        ii. A copy of the most recent payment advice to be attached to income declarations.
    b. Failed to resolve #1 through 14 of the 15 items on the Trustee's Objection to Confirmation filed on March 23, 2010, document #12 on the Court's docket.
    c. Failed to amend the Plan to provide for Adequate Protection Orders for two vehicles. San Francisco Fire Credit Union has filed the proofs of claims on April 14, 2010.

9. Debtors' attorney has received $2,725.00 out of the total $5,450.00 attorney fees, paid directly by Debtors at the initial filing of the instant petition.

10. I respectfully requests an order that $2,725.00 of attorney fees be disgorged as sanction for the attorney's willful misconduct and deficient legal representation.

4

Case: 10-30718    Doc# 20    Filed: 05/03/10    Entered: 05/03/10 09:22:36    Page 4 of 5

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on 3rd day of May, 2010 in Foster City, California.

<u>/s/ David Burchard</u>  
David Burchard  
Chapter 13 Trustee